1814.

MATTER OF
NICOLL.

*May* 16th.

*In the matter of* WILLIAM NICOLL, *an Infant.*

A guardian appointed by this court, during minority, continues until the infant arrives at 21, unless changed by order of the court, on good cause shown. An infant is not entitled, as of course, on arriving at the age of 14, to elect a new guardian.

IN 1799, *Selah Strong* and *Richard Udall*, were appointed, by this court, guardians of the person and estate of the infant during his minority.   *Udall* was, some time since, discharged from his trust, to enable him to become a witness in certain suits in which the rights of the infant were concerned.   In *October* last, the infant arrived at the age of 14 years.

*Colden*, in behalf of the infant, moved for the appointment of *Medad Rogers* and *Joshua Smith*, as his guardians, in the place of *Selah Strong*, on the ground that they were the choice of the infant, who, he contended, had a right to change his guardian, at his election, on arriving at the age of 14 years.   And to show that the authority of a guardian *in socage* ceased, on the infant's arriving at the age of 14, when he might call his guardian to an account, and choose a new guardian, he cited *Bac. Ab.* Guardian. (E.)    *Co. Litt.* 123. n. 67. *Vaugh.* 177.

*Riggs*, contra, relied on the authority of the opinion of *Dodderidge*, J., in *Palmer*, 22., that an infant cannot revoke or change a guardian appointed by chancery.   Such a guardianship does not cease until the infant arrives at full age, unless another guardian is appointed by the court: and it was the same as to a guardian in socage, who continued until the age of 21.   *Andrews' Rep.* 313.   5 *Johns. Rep.* 66, 67.

*Riggs*, also, made a cross motion for an attachment against *Rogers* and *Smith*, for interfering with the ward, taking him from school, and exciting him against his lawful guardian, without just cause. He read the affidavit of *Strong*, and cited 2 *P. Wms.* 102. *Eyre* v. *Shaftsbury*, to show the power of the court in such cases.

THE CHANCELLOR. A guardian appointed by this court, during minority, continues until the infant arrives to the age of 21 years, unless removed by the court, on good cause shown. The infant is not entitled to come in, *as of course*, at the age of 14, and set aside the guardian at his pleasure. This court has the care and protection of infants during their minority ; and they have not, nor ought to have, any such power in regard to guardians appointed by this court. The motion to change the guardian must, therefore, be denied.

N. B. The cross motion for an attachment was withdrawn, on the suggestion that the parties charged with the contempt, acted under an impression that the infant had a right to elect a new guardian.